IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EILEK MAS RIVERA**<br><br>Plaintiff<br><br>Vs.<br><br>**JULIO ROLDÁN-CONCEPCIÓN** in his personal and official capacity as Mayor of the City of Aguadilla, **MELBA G. RIVERA**, as Director of the Head Start Program of the Municipality of Aguadilla, **GRISELL LAUSELL**, Human Resources director of the Municipality of Aguadilla, **THE MUNICIPAL GOVERMENT OF AGUADILLA.**<br><br>Defendants | CIVIL NO. |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now plaintiff Eilek Mas Rivera through the undersigned attorney, and respectfully alleges and prays:

### JURISDICTION OF THIS HONORABLE COURT

1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l983; and Pendant Jurisdiction pursuant to 28 U.S.C. 1367. The First and Fourteenth Amendment of the United States Constitution. Article 1536 of the Civil Code of Puerto Rico. Section 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico. Act 90-2020, 29 L.P.R.A.§ 3111 et. seq.

1

## TYPE OF PROCEEDINGS

2.- Plaintiff claim is twofold; first she pray for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants in their official capacity be enjoined from discriminating against plaintiff in violation of the cited Federal Laws and to be reinstated in the position that she held as employee of the Municipal Government for the City of Aguadilla before she was illegally dismissed.

3.- It is also a suit for compensatory damages arising from the violation of her federally protected rights since defendants under color of state law deprived plaintiff of her rights, privileges and immunities secured by the United States Constitution and as such defendants in their personal capacity are liable to plaintiff.

4.- The facts hereinafter alleged in this Complaint constitute violations of plaintiff protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

## **State Remedies Invoked Under Pendent Jurisdiction**

5.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico and Article 1536 of the Civil Code of Puerto Rico, Act 90-2020, 29 L.P.R.A.§ 3111 et. seq.

6.- Whether liability be predicated under the United States Constitution and Laws or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

7.- Plaintiff invoke the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

## CLAIMS FOR RELIEF

8.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of plaintiff as protected under the Constitution and the Laws of the United States.

9.- The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

10.- The demotion, persecution or dismissal is politically motivated if it's done without cause.

11.- Plaintiff worked as an employee for the Municipal Government of the City of Aguadilla as a Human Resources Official for the Headstart Program and Early Headstart Program of the Municipal Government of Aguadilla with a salary of $1,841.00 a month.

12.- The position that plaintiff held as Human Resources Official is not one that political loyalty is a proper requirement for its performance.

13.- Plaintiff had a legitimate expectancy in her continuous employment because she was an excellent employee to which no complaint had ever been filed.

14. - The acts of the defendants were done deliberately; knowing that it is

unlawful with the bad faith knowledge that they were violating plaintiff federally secured rights.

15. - Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

16.- Plaintiff is entitled to damages for violation of her Constitutional Rights plus damages for her actual losses, and for her pain, suffering, anguish and humiliation.

17.- Pursuant to the provisions of 42 USC, Section 2000 plaintiff, should she prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

18. - Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rule 44.4, plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

19. - Defendants, and each of them, have been obstinate in fomenting this litigation.

20. - Plaintiff Eilek Mas Rivera is a citizen of the United States of America and of the Commonwealth of Puerto Rico, of legal age, resident of the City of Aguadilla, Puerto Rico and an active member of the New Progressive Party.

21.- Defendant Julio Roldán Concepción is of legal age, the mayor of the City of Aguadilla, the President of the Popular Democratic Party in Aguadilla, a citizen and a resident of the Commonwealth of Puerto Rico.

22.-Melba G. Rivera Delgado is the Director of the Head Start Program of the Municipal Government of Aguadilla, an active member of the Popular Democratic Party, a citizen and resident of Cataño, Puerto Rico.

23.- Griselle Lausell is the Director of Human Resources for the Municipal Government of Aguadilla, a member of the Popular Democratic Party, a citizen and resident of the Commonwealth of Puerto Rico.

24.- The City of Aguadilla is a political organization with judicial personality that can sue and be sued on its own and its legally represented by mayor Julio Roldán-Concepción. The actions of mayor Roldán-Concepción constitute the official policy of the municipal Government of Aguadilla. For this reason the Municipality of Aguadilla is liable to plaintiff.

25.- The present action is directed to all named defendants, in their official capacity as to the injunctive relief, as an equitable remedy, pursuant to Rule 65 of the Federal Rules of Civil Procedure and in their personal capacity as to compensatory damages arising from the violation of plaintiff federally and state rights as alleged in this complaint.

26.- New employees were contracted or employees were transfer to perform plaintiff duties and responsibilities.

## SPECIFIC FACTS RELEVANT TO THIS CLAIM

27. - Plaintiff Mas-Rivera began to work for the Municipal Government of Aguadilla on April 17, 2007. At that time Carlos Méndez-Martínez, of the New Progressive Party, was the mayor of the City of Aguadilla.

28.- During her tenure working for the Municipal Government of Aguadilla there was never a complaint as to her performance, to the contrary, she was always praised for her good work.

29. - In the 2020 election, Yanitsia Irizarry-Méndez was the candidate for Mayor for the New Progressive Party.

30.- In the 2020 elections, plaintiff Eilek Mas-Rivera, actively supported the candidacy of Yanitsia Irizarry-Méndez for re-election as Mayor of the Municipal Government of Aguadilla.

31.- The election for Mayor in the City of Aguadilla in 2020 was won by Julio Roldán-Concepción of the Popular Democratic Party.

32.- In or around August 2021, plaintiff was summoned by mayor Julio Roldán-Concepción to a meeting in the City Hall. In this meeting was also present Mr. Maviael Morales who is vice mayor of the Municipal Government of Aguadilla and was the director of the transition committee representing mayor Julio Roldán-Concepción. In this meeting mayor Roldán ordered plaintiff that from that day on she was no longer to report to the Aguadilla Head Start program director, Mrs. Teresa Soto, and that instead she had to report to Mrs. Griselle Lausell, recently appointed by Mayor Julio Roldán-Concepción as Director of Human Resources.

33.- Mrs. Teresa Soto had been appointed by the previous administration of mayor Yanitsia Irizarry of the New Progressive Party, as Director of the Head Start Program of Aguadilla.  On or around February 2022, Mrs. Teresa Soto was dismissed as Director of the Head Start program.

34.- In early February 2022, co-defendant Lausell ordered plaintiff to open a call for the position of the Director of the Head Start program. At that time, plaintiff didn't know that Mrs. Soto had been dismissed or was going to be dismissed, but since Mrs. Soto contract had not expired on February 22, 2022, she could not open a call for the position of Head Start Director.

35.- On March 1, 2022 co-defendant Lausell called plaintiff to her office to inquire why she has not open the call for the position of Head Start Director, to which she explained that Mrs. Teresa Soto had a contract that had not expired oand she had to wait to see if Mrs. Teresa Soto's contract was going to be renewed or not.

36.- In a loud and threatening voice, Mrs. Lausell told plaintiff that she had to follow her instructions because her instructions were also the instructions of mayor Roldán-Concepción and that under no circumstance the contract of New progressive Party members were going to be renewed and that all the vacancies were for the Popular Democratic Party members.

37.- Plaintiff complied with the instructions and published a call for the position of Head Start Director.

38.- On or around June 22, co-defendant Melba Rivera was appointed as new Head Start Program Director for the Municipal Government of Aguadilla. Mrs. Rivera had been the candidate for mayor of the City of Cataño for the Popular Democratic Party.

39.- On or around the last week of June 2022, co-defendant Melba Rivera called plaintiff to her office and in a rude and sarcastic way told her that for now, she had

7

to do the things that were instructed by her, even if there were contrary to the previous instructions she had received and even if they were contrary to the rules and regulations of the Head Start Program and that for now on the only valid instructions were the ones of the Popular Democratic Party.

40.- Plaintiff was being harassed by co-defendant Melba Rivera and co-defendant Griselle Lausell by giving her contradictory instructions. In one occasion, defendant Lausell ordered plaintiff to grant vacations to the Head Start Program employees and two or three days later co-defendant Melba Rivera told her that those employees on vacations had to be called back. When plaintiff told defendant Rivera that co-defendant Lausell was the one that ordered the vacations of the Head Start employees. Co-defendant Rivera, in a sarcastic way, told her that the only instructions that she had to follow were not co-defendant Lausell or even her instructions, that the valid instructions were the ones issued by the Popular Democratic Party and that was something that she had to live with. Plaintiff did not know what defendant meant by "valid instructions issued by the Popular Democratic Party".

41.- Almost on a daily basis, plaintiff was the subject of harassment either by co-defendant Lausell or co-defendant Rivera.

42.- On March 1, 2023, co-defendant Rivera handed plaintiff an evaluation of her performance in which she was given a poor and deficient evaluation and the director informed plaintiff that this evaluation was the preamble of her dismissal.

43.- After receiving her evaluation plaintiff went to see the mayor to complain

not only about the evaluation but also harassment that almost in a daily basis, she was subjected to for the sole reason of being affiliated to the New Progressive Party.

44.- The mayor told plaintiff that defendant River and defendant Lausell were acting under her instructions and that she, plaintiff, didn't seem to realize that the employees affiliated to the New Progressive Party were not welcome in his administration.

45.- On May 8, 2023, plaintiff sent a letter to co-defendant Rivera, requesting a reconsideration of her performance evaluation.

46.- On May 16, 2023, plaintiff received a letter signed by co-defendant Julio Roldán-Concepción and dated May 15, 2023 which informed her that her contract, as transitory employee, that expires on May 31, 2023, was not going to be renewed.

47.- The dismissal of plaintiff for reason of her political affiliation and the political harassment she was being subjected to constitutes a violation of the First and Fourteenth Amendment of the United States Constitution, Sections 1,4,6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Article 1536 of the Civil Code of Puerto Rico and Act 90-2020.

48.- Plaintiff, as a transitory employee, had no tenure over the position that she held as such plaintiff did not have any right to be rehired but the Court has long decided if the sole reason why a transitory employee is not rehired is his political affiliation, that reason is illegal.

## ABSENCE OF GOOD FAITH

49.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

50.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that they could not dismiss plaintiff for the sole reason of her political preferences nor could they dismiss plaintiff.

51.- Their acts show defendants did not act in good faith and actual damages and punitive damages should be imposed on defendants jointly and severally.

## FIRST CAUSE OF ACTION

52.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 52, with the same force and effect as if set forth at length herein.

53. - Mayor Julio Roldán-Concepción in dismissing plaintiff from the position of Human Resources officer that she held at the Municipal Government of Aguadilla and for reason of his political preference caused plaintiff the deprivation of her job and her means to earn a living.

54. - The damages caused to plaintiff by defendant's illegal dismissal, in violation of her Federally Protected Rights, her rights under the Constitution of the Commonwealth of Puerto Rico and Article 1536 of the Civil Code of the Puerto Rico constitutes an unlawful employment practice. Her damages are reasonably estimated in the amount of $1,000,000.00.

## SECOND CAUSE OF ACTION

55.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 52, with the same force and effect as if set forth at length herein.

56.- The only reason why plaintiff was dismised was the exercise of her right to free association when she decided to join the New Progressive Party in violation of the rights guaranteed by the Constitution of the United States and the Constitution and Law of the Commonwealth of Puerto Rico. A violation of a Constitutional Right even for a minimal period of time constitutes an irreparable injury. These damages are reasonable estimated in the amount of $1,000,000.00

## THIRD CAUSE OF ACTION

57.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 52, with the same force and effect as if set forth at length herein.

58.- As an employee of the Municipal Government of Aguadilla plaintiff had a salary of $1,841.00 monthly. For the reason here stated plaintiff is entitled to a finding that defendants be ordered to pay her back salaries, vacation and any other benefit she had since the day she was dismissed until the days he is reinstated.

## FOURTH CAUSE OF ACTION

59.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 52, with the same force and effect

as if set forth at length herein.

60.- As a result of defendants' actions, plaintiff was subjected to political harassment and suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

61.-The damages suffered by plaintiff in accordance to Act 90-2020 are evaluated in a sum equal to double the damages that were caused to plaintiff independently of any other responsibilities for damages for which defendant is responsible.

## FIFTH CAUSE OF ACTION

62.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 52, with the same force and effect as if set forth at length herein.

63.- Plaintiff is entitled to a finding that the defendants acted knowingly, intentionally, in bad faith and gross negligence to deprive plaintiff of her federally secured rights and to an award of Punitive Damages in an amount not less than $1,000,000.00.

## SIXTH CAUSE OF ACTION

64.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 52, with the same force and effect as if set forth at length herein.

65.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity,

reinstating her to the position she held and was illegally dismissed as employee of the Municipal Government of Aguadilla. That they be enjoined from discriminating against her in violation of the cited Federal and State Constitutions and Laws.

## TRIAL BY JURY

66.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays from this Honorable Court to:

a. Assume Jurisdiction of this action;

b. Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants in their official capacity, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants in their official capacity, and each of them, or their agents and successors to reinstate plaintiff, to the position she held at the Municipal Government of Aguadilla at the Municipal Legislature.

d. Grant plaintiff damages and punitive damages against the defendants in their personal capacity and against the City of Aguadilla, and each of them, jointly and severely;

e. Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all her rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.  Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.  Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 13th day of May of 2024.

*S/ Israel Roldán-González*

**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
35 Progreso
Aguadilla, P.R. 00603
Tel. 891-1359
irg@roldanlawpr.com